STATE OF INDIANA *v.* STEPHENS.

[No. 30,015. Filed April 21, 1961.]

*Edwin K. Steers,* Attorney General, *Patrick D. Sullivan,* Deputy Attorney General, *J. Gordon Gibbs,* Prosecuting Attorney, and *Walter O. Lewis,* Deputy Prosecuting Attorney, both of Danville, for appellant.

*Fred Stephens, pro se.*

BOBBITT, C. J.—Appellee was charged by affidavit under Acts 1935, ch. 63, §3, p. 159, being §10-4736, Burns' 1956 Replacement, with carrying a pistol in a vehicle without a license therefor. A motion to quash the affidavit was sustained, and the trial court being of the opinion that the objection to the affidavit could not be "avoided by a new affidavit" discharged and released the defendant-appellee herein.

Appellee has filed no brief.

We concur with appellant that the affidavit substantially follows the words of the statute and is, therefore,

sufficient as against a motion to quash on the
ground that the facts stated therein do not con-
stitute a public offense. *Taylor* v. *State* (1957),
236 Ind. 415, 418, 140 N. E. 2d 104; *Nicholas* v. *State*
(1960), 240 Ind. 463, 165 N. E. 2d 149.

The only other ground alleged in the motion to quash
the affidavit is that the statute which makes it an of-
fense to carry a pistol in a vehicle without a license is
in violation of Article 1, §32, of the Constitution of
Indiana.

Section 10-4736, *supra,* of the Firearms Act was re-
cently held not to be in violation of Article 1, §32, *supra,*
in *Matthews* v. *State* (1958), 237 Ind. 677, 686,
148 N. E. 2d 334, and since the reasons for so
holding are stated in the opinion in that case, we
see no reason to repeat them here.

The trial court was bound by the decision in *Mat-
thews* v. *State, supra,* and, therefore, erred in sustain-
ing the motion to quash the affidavit.

Landis, Achor and Arterburn, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 174 N. E. 2d 51.