WORL *v.* STATE OF INDIANA.

[No. 30,105. Filed June 20, 1962.]

*James B. Davison, Robert J. Maley, Jr.,* both of Richmond, *Michael L. Fansler, Robert M. Messick,* and *Fansler, Fauvre, Dongus & Barnard,* of counsel, all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

LANDIS, J.—This appeal was taken by appellant from his judgment of conviction for the offense of possession of a slot machine, as charged, for which he was fined in the sum of $50.00 and costs.

The sole question urged on this appeal and raised by the motion for new trial is whether the court erred in overruling the motion to quash the affidavit.

The affidavit omitting the caption and formal parts is as follows:

"Julian Benner swears he is informed and believes that Dean Worl on or about the 4th day of April, 1960, at and in the County of Wayne, State of Indiana, did then and there unlawfully and wrongfully keep, store and possess a gambling device and slot machine, being contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

This was attacked by appellant's motion to quash on the following grounds:

"1. That the affidavit does not state the offense with sufficient certainty [sic].
"2. That the facts stated in the affidavit do not constitute a public offense."

Appellant contends the affidavit was insufficient under any statute of the State of Indiana.

Appellee (The State) contends the affidavit is sufficient under the Acts of 1935, ch. 321, §1,[1] providing in part as follows:

"That it shall be unlawful: (a) To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or to permit the operation of, or for any person to permit to be placed, maintained, used or kept in any room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device as hereinafter defined; . . . ."

1. Burns' Indiana Statutes (1956 Repl.), §10-2326.

A slot machine is defined by §2 of said Act,[2] viz:

"Any machine, apparatus or device is a slot machine or device within the provisions of this act if it is one that is adapted, or may readily be converted into one that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value."

Appellee points out in his brief that appellant does not set out in the argument in his original brief the particular respect in which the amended affidavit is uncertain. This has not been refuted in appellant's reply brief and we conclude he has waived the specification of his motion to quash that the affidavit does not state the offense with sufficient certainty.

We shall now proceed to consider his contention that the facts stated in the affidavit do not constitute a public offense.

Appellant states that it would seem the above quoted sections of the Acts of 1935 have been repealed by implication, citing: *Tinder, Pros. Atty., et*

2. Burns' Indiana Statutes (1956 Repl.), §10-2327.

al. v. *Music Op. Inc.* (1957), 237 Ind. 33, 142 N. E. 2d 610. The Tinder case discussed the question of the partial repeal of the 1935 Act by the Acts of 1955, ch. 265[3] (known as the Hasbrook Act), and specifically pointed out that pinball machines which award only free games mechanically conferred do not come within the scope of §2, ch. 321, of the Acts of 1935, *supra.*[4] The Court further stated at p. 49 of 237 Ind., and p. 619 of 142 N. E. 2d:

". . . These provisions of the two acts are in express and direct conflict with each other. Therefore, *the 1955 Act,* which was a later expression of public policy by the legislature, *must be considered to have repealed by implication that*

---

3. Acts 1955, ch. 265, p. 713, being Burns' Indiana Statutes (1956 Repl.). Subsections 3 and 4 of §2 provide as follows:

"(3) 'Professional gambling' means accepting or offering to accept, for profit, money, credits, deposits or other things of value risked in gambling, or any claims thereon or interest therein. Without limiting the generality of this definition, the following shall be included: pool-selling and bookmaking; maintaining slot machines, one-ball machines or variants thereof, pinball machines which award anything other than an immediate right of replay, roulette wheels, dice tables, or money or merchandise pushcards, punchboard, jars or spindles, in any place accessible to the public; and conducting lotteries, gift enterprises, or policy or numbers of games, or selling chances therein; and the following shall be presumed to be included: conducting any banking or percentage games played with cards, dice or counters, or accepting any fixed share of the stakes therein.

"(4) 'Gambling device,' means any mechanism by the operation of which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as the result of the operation of an element of chance; any mechanism which, when operated for a consideration does not return the same value or thing of value for the same consideration upon each operation thereof. But in the application of this definition an immediate right of replay mechanically conferred on players of pinball machines and similar amusement devices shall be presumed to be without value."

NOTE: The 1957 Amendment added the words "and unrecorded" before the words "right of replay" and made other minor modifications of the 1955 Act not of significance here. Acts 1957, ch. 205, p. 425, being Burns' (1961 Supp.), §10-2330.

4. Burns' Indiana Statutes (1956 Repl.), *supra*, §10-2327.

*part of the 1935 Act, which is in conflict with the 1955 Act."* (Our italics.)

It was also stated at p. 43 of 237 Ind., and p. 616 of 142 N. E. 2d:

". . . although appellee's machines may have certain physical resemblances to so-called one-ball machines and metered free-play pinball machines which do not produce free play mechanically, we cannot say that it is unreasonable or arbitrary to distinguish between such machines and appellee's machines which give only a mechanically conferred immediate right of replay. . . ."

It is apparent from the foregoing discussion that this Court did not in the Tinder case hold the 1955 Hasbrook Act to have repealed the 1935 Act in toto, but only such part of the 1935 Act as conflicted with the subsequent 1955 Act.

And as no conflict has been shown between the 1935 Act and the 1955 Hasbrook Act as to slot machines which did not award only free games mechanically conferred, we do not have before us any question of the partial repeal of the 1935 Act by the 1955 Act in this case.

Appellant has argued in his brief as to the necessity of the State in its affidavit negativing the exception as to machines having a mechanically unrecorded right of replay. The answer to this contention, however, is that it is the settled law of this state that when an offense is created by a particular statute and an exception thereto is made solely by another statute or another section of the statute, the prosecution need not allege that the accused does not come within the exception. *Jalbert* v. *State* (1928), 200 Ind. 380, 383, 165 N. E. 522, 523; *Beyer* v. *State* (1927), 199 Ind. 647, 648, 158 N. E.

477, 478; 15 I. L. E., Indictments and Affidavits, §42, p. 564, 565.

It necessarily follows that the affidavit in this case must therefore be deemed sufficient as against the contention it was necessary to negate the exception contained in the Hasbrook Act.

The fact that the affidavit used the expression "gambling device" in addition to the words "slot machine" does not ipso facto render the affidavit insufficient. An affidavit containing surplusage or even repugnant allegations is not necessarily vulnerable to a motion to quash. *Sheets* v. *State* (1940), 217 Ind. 676, 680, 30 N. E. 2d 309, 311.

Appellant has argued that under the Acts of 1935, *supra*,[5] only those machines are illegal which by the insertion of a coin and by operation of chance the user becomes entitled to "money, credit or something of value". In addition to the rewards mentioned by appellant, ch. 321, §2, of the Acts of 1935, *supra*,[6] provides in part:

> ". . . or the user may secure additional chances or rights to use such machine, apparatus or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value."

The quoted portion of the statute clearly includes the type of machine involved in the case at bar. Nor can it properly be argued that amusement itself is valueless. For as stated in the case of *People* v. *Gravenhorst* (1942), 32 N. Y. S. 2d 760, 775:

5. Burns' Indiana Statutes (1956 Repl.), *supra*, §10-2327.
6. Ibid.

"... Were amusement not a thing of value, it would not be commercialized. The less amusement one receives, the less value he receives, and the more amusement, the more value he receives."

The affidavit is substantially in the words of the statute and is therefore sufficient as against a motiton to quash. *State* v. *Stephens* (1961), 241 Ind. 586, 174 N. E. 2d 51.

Judgment affirmed.

Arterburn, C. J., and Bobbitt, and Achor, JJ., concur; Jackson, J., dissents, without opinion.

NOTE.—Reported in 183 N. E. 2d 594.