DAVIS v. STATE OF INDIANA.

[No. 31,053. Filed January 17, 1968.]

*Robert G. Mann,* and *Bolden & Mann,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was tried and convicted, in a trial to the court, of assault and battery with intent to rape, as defined by Burns' Ind. Stat. Anno. § 10-401 (Supp. 1967). Two main contentions are made. The first is that the appellant was denied the right to counsel for the purpose of filing a motion for a new trial. The record shows in this particular that the appellant on July 26, 1966, more than thirty days after the finding of guilty, filed his pro se motion for a new trial based upon the specifications that the verdict was contrary to law and not sustained by sufficient evidence.

The record further shows that counsel was appointed for the appellant to appeal and thereafter, on the 27th day of September, 1966, filed a petition for permission to file a belated

motion for a new trial and therewith tendered a belated motion for a new trial. The court, on October 4, 1966, held a hearing thereon and found specifically that his counsel at the trial was diligent and properly prepared and tried his case, contrary to the allegations in the petition for permission to file a belated motion. The court found specifically that his counsel did confer with him more than once prior to trial, contrary to appellant's contention. The court further made an order permitting the appellant to file a motion for a new trial, even though the time had elapsed therefor, and thereby extended the time for the filing of the same.

It appears further from the record that appellant has had counsel for appeal and also for the purpose of filing and presenting a petition for a belated motion for a new trial; that the appellant has had a hearing on that petition, with counsel, and counsel has had an opportunity to raise any question of error in that regard. We find that the appellant has shown no prejudice or error in the actions of the trial court with reference to filing a motion for a new trial or a belated motion for a new trial for presentation of error to this court.

Examining the motion for a new trial and the belated motion for a new trial and the finding of the court thereon, we find the only questions raised and remaining for consideration on this appeal are that the finding of the court is contrary to law and not sustained by sufficient evidence. For that purpose we must review the evidence favorable to the State. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Ponos* v. *State* (1962), 243 Ind. 411, 184 N. E. 2d 10.

The evidence shows that Mrs. Gladys Mabe, the prosecuting witness, and the appellant had different rooms in the same rooming house in Indianapolis. On the date in question the appellant was helping Mrs. Mabe fix shades in her room. After he fixed the shades he grabbed her and

shoved her on the bed. He unfastened his pants and his penis was out. She was screaming and crying. She received bruises on her face and arms. The appellant first contends that the prosecuting witness was emotionally unstable and that she was 65 years of age, and urges upon us that we should consider the credibility of her testimony. He urges *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641 as authority on that proposition. We have a number of times, regardless of what may have been broadly stated in that case, held that we will not, on appeal, weigh or consider the credibility of witnesses. To that extent, with reference to any such statements in that case, the same is disapproved. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Anderson* v. *State* (1966), 247 Ind. 552, 217 N. E. 2d 840; *Willoughby* v. *State* (1966), 247 Ind. 210, 214 N. E. 2d 169; *McDonough* v. *State* (1961), 242 Ind. 376, 175 N. E. 2d 418.

We point out further in this case that the testimony of the prosecuting witness is corroborated by another witness, Dorothy Zorich. She states at the time of the alleged attack that she heard the prosecuting witness yelling and crying and saw the appellant in the room in question sitting on the bed, zipping up his pants; that she saw bruises on the prosecuting witness' arms, legs and face.

The appellant next contends that he was drunk; that he had been convicted of drunkenness three or four times. However, he states that at the time of the alleged incident he had drunk two beers. The question of his intoxication to an extent where he could have no specific intent to commit the crime is a question for the triers of the fact. *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158.

Voluntary intoxication is not a defense in a criminal proceeding and does not excuse or palliate crime. It is only when intoxication has occurred to the extent that a person is mentally incompetent so that he cannot form a specific intent where the crime charged involves a specific in-

tent. One becoming intoxicated in order to acquire the confidence to commit a crime may not use such a condition as a defense. *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99; *Wagner* v. *State* (1888), 116 Ind. 181, 18 N. E. 833.

Finally, it is argued that his flight from the jurisdiction of the crime should not be held against him. However, there is no way this question was raised by any objections other than the fact that the court may or may not have taken it into consideration, and we therefore have no question presented on that point.

The judgemnt is affirmed.

Lewis, C. J. and Mote and Hunter, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 867.