## DAY *v.* STATE OF INDIANA.

[No. 1267S163. Filed November 7, 1968.]

Robert G. Mann, Bolden and Mann, Indianapolis, for appellant.

John J. Dillion, Attorney General, and Richard V. Bennett, Deputy Attorney General, for appellee.

ARTERBURN, J.—This is a criminal prosecution commenced by an affidavit, Count One charging the appellant with a violation of the 1935 Firearms Act (Burns' Ind. Stat. Anno. § 10-4736), and Count Two with assault and battery with intent to kill. The appellant was found not guilty of the latter charge and found guilty of violating the Firearms Act, which reads as follows:

"No person shall carry a pistol in any vehicle or on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

Briefly the evidence is as follows: Jacqueline Ann Morgan was in the Oriental Tavern on the night of September 2, 1966. She was sitting at a table with other people, including the appellant, Melvin Day. His approaches to Mrs. Morgan were rebuffed. He approached another one of her girl friends and was also rebuffed. The two girls heard a gunshot and they

noticed Mrs. Morgan was bleeding. She had been shot in the thigh.

James Jones, a merchant policeman, was on duty in the tavern that night. At the time of the gunshot he saw the appellant pulling a gun out from under the table and putting it in his pocket. The gun was in his hand. The appellant left the tavern with another man and woman. Jones followed and saw the other man take the gun from the appellant and give it to the woman. Jones then took the gun from the woman and turned it over to Officer Green, of the Indianapolis Police Department. Green turned the gun over to the patrol wagon driver with the property slip and the identification number thereon. Officer Green arrested the appellant and advised him that he had been accused of the shooting; that he did not have to say anything about the shooting; that he could have a lawyer if he wanted one; and that he was taking him out to the hospital to be identified by the woman he shot. At the hospital the victim positively identified the appellant as the one who had shot her. Part or all of the conversation warning the appellant as to his rights took place at the time of his arrest and in the police car on the way to the hospital.

The evidence further shows that after the appellant was returned to jail, Officer Swails informed him again that anything he might say could be used against him in a court of law. Nevertheless, the appellant Day stated that he took the gun out of his pocket and while transferring it to another pocket it was accidentally discharged and hit the victim. There was no specific objection to the alleged confession of the appellant at that time except on the ground that the gun was not properly identified.

Our review of the evidence shows that the gun was more than sufficiently identified. It does show positively that the appellant did have a gun in his possession at the time alleged in the affidavit, and if there was any question about whether the gun identified was the same gun he pulled out from under the table and with which the victim was shot, it would be a

question for the trier of the facts to determine. The court found that he did possess a gun without a license at the time alleged in the affidavit.

It is further contended that it is incumbent upon the state to prove that the appellant does not fall within the exceptions of another statute (Burns' § 10-4737) which provides that law enforcement officers of the state and certain officers of the United States may possess firearms as an exception to the statute under which the appellant was prosecuted. The appellant offers no authority for such a position, and it would appear to be almost physically impossible under the circumstances to get testimony by checking the rosters of the Secret Service, the Central Intelligence Agencies, all government officers, as well as exempt state officers, to prove that the appellant did not fall within those classifications. The fact is, the law is to the contrary to that urged by the appellant. When an offense is created by statute and another statute or another section of the same statute makes exceptions thereto, it is not necessary for the prosecution in the indictment or affidavit to negate the exception by stating that the defendant does not come within the same. That being true, then it is not incumbent upon the state to prove the exceptions if they need not be alleged in the charge. The case of *Jalbert* v. *State* (1928), 200 Ind. 380, 165 N. E. 522 and the case of *Worl* v. *State* (1962), 243 Ind. 116, 183 N. E. 2d 594 both support this principle, and it is the law in Indiana.

It is urged that the appellant was intoxicated to the extent that he did not have the intent to violate the statute in question.

"Voluntary intoxication is not a defense in a criminal proceeding and does not excuse or palliate crime." *Davis* v. *State* (1968), 249 Ind. 373, 232 N. E. 2d 867.

The statute in question does not require proof of specific criminal intent. Furthermore, the state calls our attention to

the evidence, in which the appellant testified on cross-examination that he was not drunk.

Finally, we point out that the appellant has failed to comply with Rule 2-17(h), which in part provides that in the appellant's brief under "Argument," "each cause in the motion for a new trial which is intended to be urged" shall be separately specified and ". . . after each cause for a new trial relied upon—there shall be concisely stated the basis of the objection to the ruling complained of, . . ." We are not required to search the transcript to check upon the alleged errors in the motion for a new trial. We have accepted them in the general and rather indefinite fashion in which they are presented in the briefs. If we have misinterpreted them, it is a result of the briefing. Each alleged specified error in the motion for a new trial relied upon must be set forth in the brief at the point where argument is presented thereon.

The judgment of the trial court is affirmed.

Lewis, C. J., Hunter and DeBruler, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 241 N. E. 2d 357.