CHARLES HUFF *v*. STATE OF INDIANA.

[No. 3-772A32. Filed December 20, 1972.]

----

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Paul J. Baldoni,* Assistant Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

SHARP, J.—The defendant was arrested on a charge of assault and battery with intent to commit rape and was arraigned on said charge on June 10, 1968 in the Marshall Circuit Court. At the arraignment the defendant was told the nature of the charge against him and the affidavit was read to him. The defendant stated in open court that the charge was attempted rape. The defendant was asked if he had counsel and he replied, "No, Sir. I want to plead guilty, Sir." The trial court then instructed the defendant that the defendant was entitled to counsel, that he was entitled to a trial by jury, in the event of a conviction by a jury that he had a right to appeal, that if he was an indigent he was entitled to appointed counsel. In addition, the statutory penalty for the crime was read to the defendant. The defendant again stated that he wished to plead guilty and that he did not want counsel. The court again pointed out to the de-

fendant that he did not have to plead guilty and that the state would have to prove his guilt. The defendant stated that he understood, but he did not change his plea. On June 14, 1968 the trial court found the defendant guilty and sentenced him to the Indiana State Prison for not less than one nor more than ten years. On June 12, 1970 the defendant filed a motion to withdraw his plea of guilty. The trial court immediately ordered a copy of said motion sent to the Public Defender of the State of Indana. Hearing was held on said motion on May 17, 1971 and on July 19, 1971 the trial court denied it. The trial court made findings of fact and conclusions of law which were entered on August 3, 1971. On February 22, 1972 the defendant filed a petition for permission to file a belated motion to correct errors which was granted on April 18, 1972. The belated motion to correct errors was filed and overruled on April 18, 1972. It was from this last ruling that this appeal is prosecuted.

The sole question here is whether the defendant's guilty plea was freely and voluntarily given.

This case represents the other side of the coin from the situation that confronted this District of this court in *Lovera* v. *State of Indiana* (1972), 152 Ind. App. 377, 283 N.E.2d 795, in which we analyzed and followed decisions from the Supreme Court of Indiana and the Supreme Court of the United States to the effect that the record of the entry of a guilty plea must demonstrate a knowing and intelligent waiver of the accused of his constitutional rights. In *Lovera* we had a silent record. In this case we have a record that speaks clearly and distinctly. The trial court carefully reminded the defendant that he did *not* have to plead guilty.

In *Thacker* v. *State* (1970), 254 Ind. 665, 262 N.E.2d 189, 190, our Supreme Court stated:

> "Generally, a motion to withdraw a plead of guilty is addressed to the sound discretion of the trial court. *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N.E. 444.

Where the trial court overrules a motion to withdraw a Plea of Guilty this court, on appeal, will indulge a presumption in favor of the trial court's ruling. Lamick v. State (1924), 196 Ind. 71, 147 N.E. 139. This court will generally not disturb the ruling of the trial court when such ruling was based on conflicting evidence. Atkinson v. State (1920), 190 Ind. 1, 128 N.E. 433. It is only where the trial court has abused its discretion in overruling appellant's motion to withdraw a plea of guilty that the court will disturb such ruling."

We believe that the complete transcript of the arraignment which we have carefully examined complies with all which was relevantly said concerning such arraignments in Brimhall v. State (1972), 258 Ind. 153, 279 N.E.2d 557, and Brady v. United States (1970), 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747.

We also find that the trial court substantially complied with Criminal Rule 10, formerly Supreme Court Rule 1-11, in regard to providing a record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Again, we have a record here which speaks where in Lovera we had only silence.

We find no reversible error in the action of the trial court in overruling the belated motion to correct errors and therefore such action should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 290 N.E.2d 508.