CHARLES JEROME KNIGHT v. STATE OF INDIANA.

[No. 1-773A126.  Filed November 28, 1973.]

*Charles W. Edwards,* of Spencer, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Knight) is appealing his conviction by a jury of robbery and assault and battery with the intent to commit a felony. The two issues to be dealt with concern the trial court's rejection of Knight's plea of guilty to a lesser included offense, and imposition of an improper sentence upon the offense of which he was convicted.

The facts serving as a basis for Knight's first issue are as follows: Knight was charged by affidavit with the offenses of inflicting bodily injury in the commission of a robbery, IC 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), robbery, IC 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), and assault and battery with the intent to commit a felony, IC 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns 1972). Plea bargaining resulted in agreement with the prosecuting attorney, Knight, and Knight's counsel, on a plea of guilty to theft and assault and battery with intent to commit a felony with a dismissal of the counts of robbery and inflicting bodily injury in the commission of a robbery. At a hearing at which the guilty plea was tendered, the trial court examined Knight as to whether he understood the charges against him, about his opportunity to consult with counsel, etc. Knight acknowledged that he understood all of these things and that his guilty plea was freely and voluntarily given. The court then swore witnesses. The prosecuting witness testified, in substance, that Knight hit him and took his billfold, shoes, and some money. A state police detective testified that his investigation verified the prosecuting witness' story. The trial court then directed Knight's attorney to question Knight about the occurrence. Knight testified he had been drinking heavily, that he had hit the prosecuting witness but he had not taken

anything from the victim. The trial court refused to accept the guilty plea. The cause was set for jury trial with the resulting conviction of Knight.

Knight presents us with the question of whether the trial court's refusal to accept his plea of guilty constituted an abuse of discretion and is contrary to law. We hold that it was not.

Knight's denial that he took any property removed an essential element of both offenses to which he was pleading guilty.

> "The purpose of a hearing on a plea of guilty is for the court to determine whether or not the appellant is apprised of the consequences of his plea of guilty and also to determine whether or not there is factual evidence that the crime to which he has attempted to plead guilty was in fact committed. In the case at bar after the witnessses testified, the appellant stated to the trial judge that their testimony was untrue. Under these circumstances the court had no alternative but to reject the plea of guilty and require the defendant to stand trial." *Wright* v. *State* (1970), 255 Ind. 292, 295-96, 264 N.E.2d 67, 70.

Additionally, *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, speaks approvingly of the American Bar Association Project on Minimum Standards for Criminal Justice, Pleas of Guilty. The appropriate section of that work reads:

> "1.6 Determining accuracy of plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

*Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803, in a similar vein approves of the procedures set forth in the Federal Rule of Criminal Procedure 11, which, *inter alia,* requires the trial court to be satisfied that a factual basis exists for the guilty plea prior to entering judgment. We find no error in the trial court having Knight examined as to the factual basis of the tendered plea of guilty.

We do agree with Knight's contention that he was im-

properly sentenced to a ten to twenty-five year period on the robbery conviction. Recent decisions of this court and the Indiana Supreme Court have held that the minimum sentence for robbery cannot exceed the minimum sentence for the greater offense of armed robbery while the 1969 version of the armed robbery statute was in effect. *LeFlore* v. *State* (1973), 157 Ind. App. 291, 299 N.E.2d 871; *Vawter* v. *State* (1972), 258 Ind. 168, 279 N.E.2d 805. Therefore, this cause is remanded to the trial court for a correction of Knight's sentence to an indeterminate term of not less than five nor more than twenty-five years, and when so corrected the judgment is affirmed.

Remanded for correction and affirmed as corrected.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 303 N.E.2d 845.