WILBUR D. PARSONS *v.* STATE OF INDIANA.

[No. 2-1272A138.  Filed December 28, 1973.]

*David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John T. Carmody,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-Appellant Wilbur D. Parsons (Parsons) appeals from a conviction of Second Degree Burglary claiming insufficiency of the evidence, abuse of trial court discretion for not accepting Parsons' guilty plea to a lesser included offense pursuant to a plea bargain, and insanity at the time of the commission of the act.

We affirm.

## FACTS

The facts and evidence most favorable to the trial court's judgment are:

On October 2, 1971, at 7:30 P.M., Officer Givan of the Indianapolis Police Department was called to the United Presbyterian Metropolitan Center at 1505 North Delaware, Indianapolis, Indiana. Upon arrival, he observed Parsons coming out of the open doorway of the Center carrying a record player.

When questioned as to what he was doing there, Parsons stated that he had come to repay a loan to the Pastor who had loaned him funds at an earlier date. On further inquiry as to the record player which he was carrying, Parsons claimed it belonged to him, although affixed to it was a tape with the words "United Presbyterian Metropolitan Center."

The officer inspected the Center and found the basement window broken on the rear side of the building. Parsons was then placed under arrest and the director of the Center was contacted by the police.

When Reverend LaFollett arrived at the Center, he noticed that the alarm system had been activated and that the win-

dow on the west side of the Center had been broken. He stated that he knew Parsons and had advanced him a small loan a few days earlier, but had not authorized him to remove the record player which he identified as belonging to the Center, having a value of $100.00. He also stated that at the time of Parsons' arrest, the building was empty and locked—there being no activities scheduled for that evening.

Parsons was charged by affidavit with Second Degree Burglary. On June 16, 1972, he appeared for trial with counsel and moved to withdraw his former plea of not guilty and enter a plea of guilty to the lesser included offense of Entering to Commit a Felony. The court overruled Parsons' Motion, at which time this exchange took place:

"THE COURT: Mr. Parsons.

DEFENDANT: Yes, Your Honor.

THE COURT: Your lawyer says that you want to plead Guilty to Entering to Commit a Felony. Did you hear me?

DEFENDANT: Yes, Your Honor.

THE COURT: Did you hear him say that?

DEFENDANT: Yes, I did.

THE COURT: *Is that what you want to do?*

DEFENDANT: *Well, it's about the only thing I can do.*

THE COURT: *Well, what do you mean, it's the only thing you can do? Can't you beat the rap?*

DEFENDANT: *Well, it's not that, Your Honor. I don't remember pulling it. I can't remember doing it, the burglary.*

THE COURT: Defendant's motion to plead Guilty, is overruled then. You go to trial on the Second Degree Burglary, then, if you don't remember it, you understand? Did you go to college?

\* \* \*

THE COURT: Well, wait a minute. The Supreme Court says, he's got to enter into this intelligently and willingly. How can he do it intelligently, if he doesn't remember? Do you remember going in that place?

DEFENDANT:   No."
                    (Emphasis  added.)

The court then ordered Parsons to stand trial on the Second Degree Burglary charge.

Parsons submitted testimony from a girl friend who had not seen him on the day of the offense or during the preceding three weeks. Her testimony was to the effect that Parsons had a drinking problem and often was unable to remember what he had done while drinking. She also stated that he told her that he had been drinking on the day in question.

The only other evidence offered by the defense was testimony by Parsons that he did not recall entering the Center or having the record player in his possession because he had been drinking most of the day on which the crime was allegedly committed. He also stated that after three or four drinks he is unable to recall what happens thereafter, although he did recall being in jail on the day in question.

No plea of insanity was entered by Parsons.

The court found Parsons guilty of Second Degree Burglary and sentenced him to imprisonment for not less than two nor more than five years.

### ISSUES

| | |
|---|---|
| ISSUE ONE. | Was there insufficient evidence to support a conviction of Second Degree Burglary? |
| ISSUE TWO. | Did the trial court abuse its discretion by refusing to accept Parsons' plea bargain with the State whereby he plead guilty to the lesser included offense of Entering to Commit a Felony? |
| ISSUE THREE. | Did the trial court abuse its discretion by failing to order an examination to determine Parsons' mental capacity at the time he committed the offense? |

As to ISSUE ONE, Parsons contends the State failed to show that he had entered the Center. There was no proof that Parsons broke the window and he was apprehended outside of the Center. Parsons further contends that he lacked the ability to form a specific intent to enter the building to commit a felony due to his intoxication at the time of the act.

The State replies that the alarm system had been activated by the opening of the front door of the Center. Although there were no eyewitnesses to the break-in, the facts show Parsons was apprehended coming out of the doorway of the Center carrying a record player belonging to the Center. The State contends there was no evidence of Parsons' intoxication, except that testimony presented by Parsons himself. Furthermore, Parsons was sober enough to explain his presence at the Center and claim ownership of the record player.

Relating to ISSUE TWO, Parsons argues that his plea of guilty to the lesser included offense was voluntarily made and it was therefore an abuse of judicial discretion for the court to overrule it. Parsons contends that there is no conflict between his attempt to plead guilty and his inability to remember committing the crime.

In response, the State contends that it would have been reversible error for the trial court to accept the guilty plea after Parsons alleged his inability to remember.

As to ISSUE THREE, Parsons argues the court was put on notice that he could not recall his acts. It was therefore incumbent upon the trial judge to inquire into his mental capacity at the time of the commission of the crime.

The State replies that Parsons neither entered a plea of insanity nor contended that he was insane because he was an alcoholic. Furthermore, alcoholism by itself has never been equated with insanity.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the evidence was sufficient to sustain Parsons' conviction for Second Degree Burglary. His claim of an absence of specific intent due to intoxication must fail.

IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), defines "second degree burglary":

> "10-701 Burglary—First, second, and third degrees— Penalties.—
>
> (b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

The evidence presented at trial was sufficient to establish the three elements of the crime charged.

### (1) Breaking and Entering.

Although there were no eyewitnesses to the crime, the testimony of the arresting officer and the Center's director provide sufficient circumstantial evidence to support the conclusion that Parsons was the individual who broke into and entered the burglarized Center.

The alarm had been activated by opening the front door; the window at the rear of the builing had been broken, which was unbroken the previous evening; Parsons was apprehended at the doorway of the building in possession of a record player belonging to the Center.

Indiana courts have firmly established the rule that the State may use circumstantial evidence to prove the essential

elements of Second Degree Burglary. *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459; *Tyler* v. *State* (1973), 155 Ind. App. 252, 292 N.E.2d 630. *See also, Bradley* v. *State* (1964), 244 Ind. 630, 195 N.E.2d 347; *Raymer* v. *State* (1964), 244 Ind. 644, 195 N.E.2d 350. Particularly is this true if the accused is in exclusive possession of the stolen property shortly after the larceny. *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N.E.2d 878.

(2) *Building or Structure Other than a Dwelling-House or Place of Human Habitation.*

The Church Center was an uninhabited building, the purpose of which was for worship and church-related activities, which was locked at the time of the crime.

(3) *With an Intent to Commit a Felony Therein.*

Parsons claims he was intoxicated to such an extent that he was incapable of forming a specific intent to commit a felony.

Intoxication is a defense to a crime involving specific intent only when the accused is so intoxicated as to render him incapable of forming the required specific intent. *Storie* v. *State* (1970), 254 Ind. 301, 258 N.E.2d 849. In *Davis* v. *State* (1968), 249 Ind. 373, 232 N.E.2d 867, Chief Justice Arterburn enunciated the rule:

"Voluntary intoxication is not a defense in a criminal proceeding and does not excuse or palliate crime. *It is only where intoxication has occurred to the extent that a person is mentally incompetent so that he cannot form a specific intent where the crime charged involves a specific intent.*" (Emphasis added.) 249 Ind. at 376-77, 232 N.E.2d at 869. *See also, Emler* v. *State* (1972), 259 Ind. 241, 286 N.E.2d 408, 412; *Daniels* v. *State* (1971), 257 Ind. 376, 274 N.E.2d 702, 705; *Buckley* v. *State* (1970), 254 Ind. 621, 261 N.E.2d 854, 857; *New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696, 703; *Day* v. *State* (1968), 251 Ind. 399, 241 N.E.2d 357, 359.

Equally well entrenched in Indiana law is the principle that the degree of intoxication is a question of fact to be decided

by the trier of fact. *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N.E.2d 607 speaks directly to this point:

> "*The determination of whether or not that degree* [of intoxication] *was such as to prevent them from forming a specific intent, was a question of fact for the court, or jury, trying such a case.* The trial court evidently thought the appellant had sufficient comprehension of what he was doing, and such intent to commit a crime, that criminal liability and responsibility should attach to his acts. This court must indulge in all rational inferences in favor of the trial court's finding of facts." (Emphasis added.) 236 Ind. at 636-37, 142 N.E.2d at 609. *See also, New* v. *State, supra; Cotton* v. *State* (1965), 247 Ind. 56, 211 N.E.2d 158.

The only evidence of Parsons' intoxication was his own testimony in which he stated he had been drinking since 8:00 A.M. on the day of the crime. He offered no corroborating witnesses who might have observed his indulgence or overindulgence in alcoholic beverages.

He was able to succinctly explain his presence at the Center (to repay the loan) and claim the record player as his own. Likewise he could recall being in jail on this particular day (October 2, 1971). No evidence was presented by the defense indicating Parsons was so intoxicated as to be unable to form the specific intent necessary to commit the crime of Second Degree Burglary—except his own statements.

Because the degree of his intoxication was a question of fact for the trial court to consider, this court upon review will neither weigh the evidence nor resolve questions of credibility of a witness, but will consider only that evidence most favorable to the State and reasonable inferences drawn therefrom which support the judgment of the trial court. *Felts* v. *State* (1973), 156 Ind. App. 652, 298 N.E.2d 462; *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558; *Holding* v. *State* (1967), 244 Ind. 75, 190 N.E.2d 660; *Myers* v. *State* (1960), 240 Ind. 641, 168 N.E.2d 220.

There was sufficient evidence to show that Parsons was not so intoxicated as to prevent the formation of specific intent to commit a felony.

ISSUE TWO.

CONCLUSION—The trial court did not commit error by refusing to accept Parsons' plea bargain with the State whereby he plead guilty to the lesser included offense of Entering to Commit a Felony.

When queried by the court about his guilty plea, Parsons said:

"Well, it's about the only thing I can do. . . . I don't remember pulling it. I can't remember doing it, the burglary."

At most, he was indicating his willingness to let a particular charge be entered against him while maintaining that he did not personally know whether there was any factual basis for that plea.

The court properly concluded his guilty plea was not *knowingly* made and sua sponte entered a not guilty plea on Parsons' behalf to the offense of Second Degree Burglary. *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501, justifies the court's action (and is controlling here):

". . . a plea of guilty tendered by one who in the same breath protests his innocence, *or declares he actually does not know whether or not he is guilty, is no plea at all.* Certainly it is not a sufficient plea upon which to base a judgment of conviction. *No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made,* or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation." (Emphasis added.) 232 Ind. at 621, 115 N.E.2d at 502.

A similar fact situation to the case at hand is *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656. The trial court refused to accept defendant's guilty plea after he stated that he was so intoxicated that he was unable to remember com-

mitting the crime with which he was charged. In affirming the judgment of the trial court, Chief Justice Arterburn held that defendant's inability to remember committing the crime due to his intoxication made it apparent that:

". . . the court was not certain that the Defendant understood the consequences of what he was doing, and was of the view that the tendered plea of guilty may not have been offered knowingly and intelligently. The court was following established legal principle in making inquiry as it did. *We have held that a trial court is required to determine whether the plea was entered knowingly and voluntarily prior to acceptance or refusal of the plea.* Campbell v. State (1951), 229 Ind. 198, 96 N.E.2d 876. *The Appellant has not shown how he was prejudiced by the trial court's caution in refusing to accept the guilty plea.* Requiring the state to establish every material element of the crime charged by producing evidence is surely not prejudicial to a defendant. *In fact, it benefits him.* There was no error in refusing to accept defendant's tendered guilty plea." (Emphasis added.) 300 N.E.2d at 661. *See also, Dickens* v. *State* (1973), 260 Ind. 284, 295 N.E.2d 613; *United States* v. *Bednarski,* 445 F.2d 364 (1st Cir. 1971).

Furthermore, the trial court judge is not bound by any promises or recommendations made pursuant to a plea bargain. *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7. Justice Givan reiterated this well-settled rule in *Watson* v. *State* (1973), 261 Ind. 97, 300 N.E.2d 354, wherein he stated:

"While it is true, and should remain so, that *the trial judge is not bound by any promises or recommendations made by law enforcement* officers, he should nevertheless make every effort to ascertain whether or not such promises have, in fact, been made, and when it is learned that such promises have been made and the judge in the exercise of his sound discretion determines that notwithstanding such promises he will not order a suspended sentence, *the person charged should then be permitted to withdraw a plea of guilty and enter a plea of not guilty."* (Emphasis added.) 300 N.E.2d at 355. *See also, Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N.E.2d 592; *United States* v. *Jackson,* 390 F.2d 130 (7th Cir. 1968).

There is no merit to Parsons' contention that a trial court must hear evidence prior to rejecting a plea of guilty.[1] *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803. The trial court judge is only under a duty to scrutinize the defendant's guilty plea to determine whether it is voluntarily, knowingly, and understandingly entered, particularly if that plea is a result of a plea bargain. *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Thacker* v. *State* (1970), 254 Ind. 665, 262 N.E.2d 189; *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896; *Chandler* v. *State* (1973), 261 Ind. 161, 300 N.E.2d 877; *Huff* v. *State* (1972), 154 Ind. App. 542, 290 N.E.2d 508; *Lewis* v. *State* (1972), 259 Ind. 431, 288 N.E.2d 138; *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872.

The record reveals the trial court judge did question Parsons to determine if his guilty plea was entered knowingly and voluntarily.

The court's conclusion from the information elicited from Parsons demonstrated a denial of guilt sufficient to require him not to accept a guilty plea of the lesser included offense. *Harshman* v. *State, supra; Nicholas* v. *State, supra; Knight* v. *State* (1973), 158 Ind. App. 591, 303 N.E.2d 845.

ISSUE THREE.

CONCLUSION—The trial court did not abuse its discretion by failing to determine the mental capacity of Parsons at the time of the commission of the act.

---

1. Parsons mistakenly relies on *North Carolina* v. *Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, in support of this contention. This case, however, does not require an evidentiary hearing by the trial court prior to acceptance of a guilty plea. It does stand for the proposition, as Justice Hunter said in *Boles* v. *State* (1973), 261 Ind. 354, 303 N.E.2d 645, that: ". . . the voluntariness of a guilty plea is not rendered constitutionally defective merely because a criminal defendant denies commission of the crime charged."

Rule 11 of the Federal Rules of Criminal Procedure is the basis for requiring a hearing to determine if the guilty plea is entered voluntarily and if a factual basis exists for the plea. *United States* v. *Ammidown* (C.A. D.C. 1973), F.2d, 42 L.W. 2297. Indiana has no such rule.

IC 1971, 35-5-3-2, Ind. Ann. Stat. § 9-1706a (Burns 1973 Supp.), sets the standard binding on a trial court in determining mental capacity:

> "9-1706a. COMMITMENT BEFORE TRIAL—SUBSEQUENT ACTIONS.—When at any time before the trial of any criminal cause or during the progress thereof and before the final submission of the cause to the court or jury trying the same, the court, either from his own knowledge or upon the suggestion of any person, *has reasonable ground for believing the defendant to be insane,* he shall immediately fix a time for a hearing to determine the question of the defendant's sanity. . . ." (Emphasis added.)

Parsons neither plead insanity nor raised the issue at trial by contending that his state of intoxication rendered him insane at the time of the crime. He presented no proof that he was an alcoholic. Only his uncorroborated testimony was offered to prove his allegation that he was in fact intoxicated at the time he committed the crime. There was evidence indicating that Parsons was sober (and therefore sane) enough to attempt an explanation of his presence at the scene of the crime and claim ownership of the stolen property in his possession.

Where the issue of insanity is not specifically pleaded by defendant prior to the trial as an affirmative defense pursuant to IC 35-5-2-1, Ind. Ann. Stat. § 9-1701 (Burns 1973 Supp.), the requirements in § 1706a are completely at the discretion of the trial court. *Sims* v. *State* (1955), 246 Ind. 660, 666, 208 N.E.2d 469, 472.

So it is only where the trial court "has reasonable ground for believing the defendant to be insane" that there must be an inquiry into the competency of the defendant. This court can find no case in which the uncorroborated testimony by the defendant that he was intoxicated at the time of the crime presents such "reasonable ground" which would warrant a sanity hearing. Nor have we been able to find any authority which equates alcoholism with insanity pursuant to § 1706a.

It has been held that only if the defendant's competence has been *substantially* questioned that the trial court must make such further inquiry. *Summers* v. *State* (1972), 153 Ind. App. 107, 285 N.E.2d 830, 833.

Parsons has failed to show that his alcoholism made him unaware of the wrongfulness of his conduct or compelled him to behave in that manner—the requirements which would entitle him to use insanity as a defense. *Hill* v. *State* (1969), 252 Ind. 601, 251 N.E.2d 429.

As Parsons attacks as an abuse of discretion the trial court's failure to inquire into his sanity, he must show:

> "(1)  that the action complained of must have been unreasonable in the light of all attendant circumstances or it must have been clearly untenable or unreasonable; and
>  (2)  that such action was prejudicial to the rights of the complaining party." *Allman* v. *State* (1968), 253 Ind. 14, 20, 235 N.E.2d 56, 60.

In light of all the attendant circumstances, the refusal of the trial court to conduct an insanity hearing was not unreasonable or prejudicial to Parsons' rights. There was no "reasonable ground for believing the defendant [Parsons] to be insane."

The judgment of the trial court is therefore affirmed.

Sullivan, J., concurs; White, J., dissents with opinion.

### DISSENTING OPINION

WHITE, J.—Neither the majority opinion, the State's brief, nor any authority cited in either, has convinced me that the trial court did not abuse his discretion in rejecting defendant's offer to plead guilty to a lesser included offense without first pursuing further his questioning of the defendant to determine whether there was a factual basis for the plea and whether he was voluntarily, knowingly, and understandingly offering to plead guilty to the *lesser* offense, notwithstanding his claim that he did not "remember doing it, the burglary" nor re-

member going to the place which was burglarized. I say this in full awareness of the opinion in *Harshman* v. *State* (1953), 232 Ind. 618, 620, 115 N.E.2d 501, which includes the statement that a guilty plea "should not be accepted from one who does not know, or who, at the time of the arraignment, asserts that he does not know, whether or not he has committed the crime charged, for such would be wholly incompatible with the idea of an admission of guilt, and wholly inconsistent with the administration of justice". Of the many logical reasons for setting aside the guilty plea in that case, the quoted statement is not one. It should not be necessary for a defendant to expressly admit his guilt in order to have his guilty plea accepted. The Supreme Court of the United States has said that: "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or *unable* to admit his participation in the acts constituting the crime."[1] (My emphasis.) The more appropriate plea in that circumstance is *nolo contendere,* but since it is not available to Indiana defendants there is no justifiable reason they should not employ the guilty plea for that purpose, when it is their informed and well-advised judgment that it is in their best interest so to do.

Of course, on the record before it, the trial court could not have found that defendant's waiver of trial and consent to be imprisoned for one to five years for entering to commit a felony was "voluntarily, knowingly, and understandingly" given. And by the same token, he could not know that it was *not* so given.

A plea bargain of the kind the trial court refused to approve involves what amounts to the State's offer to dismiss the greater charge[2] in exchange for the guilty plea to the lesser included charge. Whether the public interest, the State's

---

1. *North Carolina* v. *Alford,* (1970) 400 U.S. 25, 37, 91 S. Ct. 160, 167, 27 L. Ed. 2d 162.
2. *State* v. *Morrison,* (1905) 165 Ind. 461, 463, 75 N.E. 968.

interest, in the defendant's prosecution on the greater charge is within the sole discretion of the prosecuting attorney or is shared with the court, is a question not before us, because the court did not appear to be acting in the public interest in refusing to accept this plea bargain.[3] He appeared to be acting in defendant's interest to protect him for the consequences of a guilty plea not intelligently tendered.

The judge asked a rhetorical question ("How can he do it intelligently, if he doesn't remember?") which should have been answered before the court decided whether to accept or reject the offer to plead guilty to the lesser offense. The abuse of discretion was in not first probing for an answer to that question.

Had the trial court pursued the matter further it is quite *possible* that he would have learned that defendant had discussed the case with his attorney (and possibly with the police) and had learned what overwhelming evidence the State had to prove him guilty of second degree burglary (*two* to five years). The court might also have learned that defendant had been fully and fairly advised of all his rights, all his options, and all the probable consequences of each available option, and had thus knowingly, freely, and willingly arrived at the very sensible conclusion that it was to his best interest to plead guilty to entering to commit a felony (*one* to five years), and that he really wished to do so. On the other hand, he might have learned that defendant was confused by his want of memory, had not been fully informed nor adequately advised, and was uncertain whether he should plead to the lesser offense or go to trial on the greater charge. In such a state of mind his offer to plead guilty would not have been voluntarily, knowingly, and understandingly made.

In expressing this view I am not intending to express any disagreement with the result reached in any of the Indiana

---

3. See *United States* v. *Ammidown* (DC Cir. 1973), F.2d, 42 L.W. 2297.

cases cited by the majority (except *Knight* v. *State* [1973], 158 Ind. App. 591, 303 N.E.2d 845) nor with anything quoted therefrom by the majority.[4] (I have previously stated a disagreement with one sentence in *Harshman* v. *State, supra* [232 Ind. at 620] which is not a part of the majority's quotation therefrom.) My disagreement is with the conclusion that defendant was questioned sufficiently to enable the judge intelligently to determine whether the offer to plead guilty to the lesser charge, to obtain the lesser sentence, was knowingly and voluntarily made. Furthermore, I cannot agree that the information elicited from defendant constituted a denial of guilt. And if it did, I cannot agree that a denial of guilt, in and of itself, requires a rejection of a plea bargain and demands a trial on the greater charge.

NOTE.—Reported at 304 N.E.2d 802.

---

4. The quotation from *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656, *661*, that defendant had not shown harm by the rejection of his tendered guilty plea, "In fact, it benefits him", is quite true of *Nicholas* and quite *un*true at bar. In *Nicholas* the defendant offered to plead guilty *as charged*. Conviction at trial on a not guilty plea put him in no worse position than had his guilty plea been accepted. Not so here, however.