GARY O'CONNOR *v.* STATE OF INDIANA.

[No. 2-575A132. Filed December 22, 1976.]

*William R. MaHanna,* of Lafayette, for appellant.

Theodore L. Sendak, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE:

LOWDERMILK, J.—The instant case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.

Defendant-appellant, Gary O'Connor (O'Connor), appeals from his conviction of second degree burglary.[1]

## FACTS:

The facts most favorable to the State are as follows:

William Ashby was employed by the Tippecanoe County Park and Recreation Board as a caretaker and watchman. On February 10, 1974, he observed a station wagon spinning its wheels in the driveway of the park office building. Ashby left his home which was located behind the office building to see if he could help the driver of the station wagon. Ashby later identified the driver as O'Connor who was a local resident he had known for over nine years. When Ashby volunteered to call a tow truck O'Connor stated he was on the premises to see if the building needed painting. Ashby noticed a power saw and radio lying on the front seat of O'Connor's station wagon. O'Connor remained seated in his vehicle while Ashby went into the building to make the call. As Ashby entered the building, he realized the glass panel near the lock on the front door had been smashed, and the door left ajar. Ashby had just checked the door three hours earlier, and it was locked. A radio, power saw, and drill were missing from the building. Ashby immediately called the police. Moments after making the call, Ashby stood near a window and watched O'Connor get out of his vehicle and throw a drill into the snow. O'Connor then took the saw and radio from his car and placed them back inside the building. O'Connor then re-

---

1. IC 1971, 35-13-4-4(b) (Burns Code Ed.).

turned to his car, parked it in the rear of the building, and began walking toward the road. Just as O'Connor reached the road, Officer Carte of the West Lafayette Police Department arrived on the scene.

As Officer Carte questioned O'Connor, Officer Wolf from the Tippecanoe County Sheriff's office arrived on the premises. Surrounding the building, the officers discovered a trail of footprints which O'Connor admitted to be his own. Approximately thirty feet from the building, the officers found the drill O'Connor had hurled into the snow. Officer Wolf arrested O'Connor and drove him to police headquarters where for the first time he noticed O'Connor wiping blood from a small cut on his hand.

### ISSUE:

1. Is the verdict of the jury supported by sufficient evidence?

### DISCUSSION AND DECISION:

IC 1971, 35-13-4-4(b) (Burns Code Ed.) provides in pertinent part as follows:

> "Whoever breaks and enters into . . . any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . ."

O'Connor argues that there was insufficient evidence to establish his "breaking" into the park office building, or his "intent to commit a felony while therein".

It is well established in this jurisdiction that the State may prove the elements of second degree burglary by circumstantial evidence. See, *Parsons* v. *State* (1973), 159 Ind. App. 160, 304 N.E.2d 802, and cases cited therein.

The jury could have reasonably inferred that it was O'Connor who broke into the park office building from the testimony of Ashby and Officer Wolf. Ashby testified that he observed

O'Connor in close proximity to the building, that the glass in the front door above the lock had been broken and the hole therein was big enough for a man to reach his hand and arm through, and a power saw, radio and drill belonging to the park department which were previously inside the building, were in O'Connor's possession outside. Officer Wolf testified that O'Connor's hand had been cut and was bleeding.

Likewise, the jury could have reasonably inferred from Ashby's testimony that O'Connor entered the park office building with the intent to commit a felony while therein. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227. Ashby testified that after he went into the park office building he saw O'Connor throw a power drill into the snow. The drill was later identified as belonging to a man who had been employed by the Tippecanoe County Park and Recreation Board. Also, Ashby testified that O'Connor brought a radio and saw from the front seat of his station wagon back into the park office building and placed them in the same spot that he (Ashby) had noticed them that morning as he was making his rounds as caretaker. The saw and radio were identified as belonging to the Tippecanoe County Park and Recreation Board.

Having carefully reviewed the record and briefs submitted by the parties, and being mindful that when asked to review the sufficiency of the evidence to sustain a conviction this court neither weighs the evidence nor judges the credibility of witnesses, but looks only to that evidence most favorable to the State, we are convinced that there was substantial evidence of probative value from which reasonable men could infer beyond a reasonable doubt that O'Connor had committed all of the necessary elements of the crime of second degree burglary.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 357 N.E.2d 925.