Norman Leon GOODLOE, Appellant,

v.

STATE of Indiana, Appellee.

No. 282S59.

Supreme Court of Indiana.

Dec. 3, 1982.

Gary R. Landau, Preston T. Breunig, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Norman Leon Goodloe, was convicted of Robbery, Ind. Code § 35–42–5–1 (Burns Repl.1979), at the

conclusion of a jury trial in Marion Superior Court, Criminal Division, on August 27, 1981. Goodloe was sentenced to thirty (30) years imprisonment. He now appeals.

Defendant Goodloe raises two errors on appeal, concerning: 1) whether the trial court erred in admitting State's Exhibits 2, 3, and 4 into evidence; and, 2) whether there was sufficient evidence to convict Defendant of robbery.

Around 5:00 in the evening of April 29, 1981, Elmer McCord was assaulted and robbed by three men as he attempted to enter the Living Room Lounge in Indianapolis, Indiana. The beating resulted in two serious head wounds, one requiring ten (10) stitches and the other requiring eleven (11) stitches.

## I

During the trial a pool cue, State's Exhibit 2, was introduced as the weapon used to subdue McCord and thereby deprive McCord of his money. Defense counsel objected to the introduction of the weapon, arguing that it had not been shown to be related to the *corpus delicti*.

■ The law in Indiana is that evidence is relevant if it has a tendency to prove a material fact. *Jones v. State,* (1981) Ind., 425 N.E.2d 128, 131; *Lock v. State,* (1980) Ind., 403 N.E.2d 1360, 1367. The trial court has wide discretion in ruling on the relevance of evidence. *White v. State,* (1981) Ind., 425 N.E.2d 95, 97; *Turpin v. State,* (1980) Ind., 400 N.E.2d 1119, 1122. Furthermore, any evidence tending to connect an accused with the commission of a crime is admissible. *Wilson v. State,* (1978) 268 Ind. 112, 116, 374 N.E.2d 45, 47; *Pullins v. State,* (1970) 253 Ind. 644, 647, 256 N.E.2d 553, 555. Positive proof or authentication of evidence with such a tendency is not required for admissibility. "Lack of positive proof or positive authentication only reflects on the weight of the evidence and the inferences drawn therefrom by the trier of fact." *Wilson, supra.*

■ The club used in the robbery was part of a pool cue wrapped in red tape. The victim described the length of the cue and stated that it was wrapped in red tape. When shown State's Exhibit 2, McCord said that "[it] looks like the club that was used on me." Judy Franklin, who saw the three men shortly before they assaulted McCord, said that one appeared to be holding a red umbrella. Officer Decker picked up the pool cue in an alley near the scene of the crime. He identified State's Exhibit 2 as the cue he picked up because of the red tape and a string sticking out of one end of the handle. After the pool cue was admitted into evidence, Forrest Coffey, one of the three assailants, identified Exhibit 2 as his pool cue. Coffey testified that the cue was used by one of the men to strike McCord. There was no error in admitting State's Exhibit 2 into evidence.

■ State's Exhibits 3 and 4 were photographs showing McCord's scalp wounds. Defendant objected to their admission because McCord could not see the wounds since they were on the top of his head. The admission of photographs is within the sound discretion of the trial court and will not be disturbed unless the trial court abused its discretion. To be admitted, it must first be established that the photographs are a true and accurate representation of the things they are intended to portray. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162, 1164; *Chambers v. State,* (1979) Ind., 392 N.E.2d 1156, 1160. The relevancy is determined by whether a witness would be allowed to describe verbally that which the photograph depicts. *Bray, supra; Murphy v. State,* (1977) 267 Ind. 184, 195, 369 N.E.2d 411, 416.

After reviewing the photographs, we find that Defendant has stretched his argument to an absurd point. McCord admitted posing for the photographs and also stated that the photographs accurately represented the physical injuries he received. More importantly, the victim's head and face appear in the photographs. Officer Decker also identified the photographs as portraying the wounds he observed on McCord shortly after the robbery occurred. There was no error in the admission of State's Exhibits 3 and 4.

## II

Defendant argues that there is insufficient evidence to show that he is guilty of robbery. Ind.Code § 35–42–5–1, as it applied to Defendant, reads as follows:

"*Robbery.*—A person who knowingly and intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

Defendant specifically argues that there is no evidence in the record that he put McCord in fear or that he used or threatened to use force on McCord.

When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State,* (1982) Ind., 432 N.E.2d 1340, 1342; *Willard v. State,* (1980) Ind., 400 N.E.2d 151, 160.

On April 29, 1981, approximately 5:15 p.m., Mr. McCord stopped to buy a newspaper and then decided to go into the Living Room Lounge for a beer. As he neared the lounge, McCord saw three black men standing near a roller skating rink. One of the men struck him over the head with a club and said something to the effect of "your money sucker." This individual continued to club McCord while the two other men grabbed him, pulled him into an alley, and searched his pockets for money. Realizing that the men would continue to beat him until money was produced, and also because he felt weak, McCord threw $11.00 or $12.00 on the ground. At the same time his assailant increased the fury of his attack and opened McCord's scalp in two places. The three men ran off with the money and McCord went into the Living Room Lounge for help.

Judy Franklin saw the three men standing near the skating rink prior to the attack and identified Forrest Coffey as one of the men. One man was holding what appeared to be a red umbrella. After parking her car, she saw the three men running away while at the same time she saw McCord being taken into the lounge. Franklin testified that McCord's wounds looked serious and there was blood everywhere.

After plea bargaining with the State, Coffey agreed to testify in this cause. Coffey stated that he, defendant Goodloe, and a man named "William" attacked McCord. While William did the actual hitting, Coffey stated that Defendant pushed and held McCord. William picked up the money and ran off with the defendant down the alley.

The jury judges the credibility of the witnesses. *Lawson v. State,* (1980) Ind., 412 N.E.2d 759, 769. The State detailed the plea bargain agreement prior to Coffey's testimony and this fact would go to the weight, not the admissibility, of Coffey's statements. The jury was free to believe or disbelieve Coffey. In addition, an accomplice is a competent witness, and one may be convicted on the uncorroborated testimony of an accomplice. *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228, 1242; *Roseberry v. State,* (1980) Ind., 402 N.E.2d 1248, 1251–52. Where two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in the furtherance of a common design. *Mosely v. State,* (1977) 266 Ind. 675, 677, 366 N.E.2d 648, 649. Ind.Code § 35–41–1–2 (Burns Repl.1979) defines bodily injury as "any impairment of physical condition, including physical pain." McCord testified that his scalp was split open in two places, requiring 21 stitches in all. Therefore, there was sufficient evidence presented from which the jury could

reasonably find that the defendant, as an accomplice to William, committed bodily injury upon McCord during the robbery. *Brown v. State*, (1982) Ind., 435 N.E.2d 7, 10. The verdict of Robbery, Class A felony, was justified in this cause.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.