Kevin TAYLOR, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9103–CR–243.

Supreme Court of Indiana.

Oct. 2, 1991.

Ali Talib, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in the conviction of appellant of Murder for which he received a sentence of forty (40) years, enhanced by thirty (30) years by reason of his status as a habitual offender, Attempted Murder, for which he received a sentence of thirty (30) years, to run consecutively to Count I, and Carrying a Handgun Without a License, for which he received a sentence of three (3) years, to be served concurrently with Count I, for a total of one hundred (100) years.

The facts are: On the evening of August 15, 1989, Steve Morris, Steve Eldridge, Tony Carter, and William Walker were riding in a car driven by Andre Harris. As they drove along, they threw eggs at passing vehicles. Steve Eldridge threw an egg which struck a car passing the Harris car in the opposite direction.

The driver of the car which was struck pursued the Harris car while travelling in reverse. Gunshots were seen and heard coming from the driver's side and passenger side of the pursuing car. At one point during the chase, the driver of the pursuing car turned the vehicle around and continued to pursue the Harris car.

Walker jumped from the Harris car at the corner of 10th Street and Ketcham Avenue, where he observed the pursuing car as it followed the Harris car onto Winfield Avenue. Walker saw appellant seated in the front passenger side of the pursu-

ing car, leaning out of the window, and looking both ways.

Gunshots were fired from the pursuing car, and it rammed the Harris car from behind several times. Morris testified that there was a difference in the sound of the gunshots, which caused him to believe that two different guns were being fired. There was conflicting evidence as to whether there were two or three occupants in the pursuing car.

Approximately twenty to thirty shots were fired during the course of the chase, one of which struck Morris in the back. The pursuing car followed as the Harris car turned east on West 16th Street.

The back window of the Harris car was shattered by the gunshots. One of the bullets struck Harris in the back of the head causing him to crash into a light pole on 16th Street. Harris subsequently died as a result of the wound. Morris was treated for his wound and was released from the hospital.

■ Appellant claims the evidence was insufficient as a matter of law to convict him beyond a reasonable doubt of the crimes charged. In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280.

■ Appellant contends there is a question regarding who was in the pursuing car at the time the fatal shot was fired and the number of people in the pursuing car. He argues that there is no evidence in the record from which the trier of fact could infer that appellant fired any of the shots.

There was sufficient evidence to sustain appellant's conviction. Walker testified that he saw appellant in the front passenger side of the pursuing car. Morris testified that he heard differences in the gunshot sounds, which led him to believe shots were coming from two different guns.

■ State's witness, Kevin Bluitt, who observed the egg-tossing incident and the initial portion of the chase, testified he saw only two people in the pursuing car, the driver and the front seat passenger. Walker identified appellant as the front seat passenger. Bluitt testified that gunshots were fired from both sides of the vehicle, and it appeared that the driver and the passenger were shooting. From this evidence, the trier of fact could conclude that appellant was the front seat passenger in the vehicle and that he fired shots. When two or more confederates engage in the commission of an unlawful act, each is criminally liable for the acts of the other in furtherance of their common objective. *Goodloe v. State* (1982), Ind., 442 N.E.2d 346.

■ It is immaterial that there is no proof as to which person fired the fatal shot. Where evidence indicates an accomplice acted in concert with those who physically committed the elements of the crime, the evidence is sufficient to support a conviction on the accessory theory. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247. In such a situation, there is no distinction between the principal and the accomplice. *Whittle v. State* (1989), Ind., 542 N.E.2d 981. There is ample evidence in this record to support appellant's conviction of murder and attempted murder.

■ As to the conviction for carrying a handgun without a license, the evidence supports the jury's verdict that appellant in fact was carrying a weapon. The fact that it was being carried with or without a valid license was a matter for appellant to establish in an affirmative defense that he in fact did possess a valid license or an exception therefrom for the carrying of the gun. *See Washington v. State* (1987), Ind., 517 N.E.2d 77. We find no reversible error.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which KRAHULIK, J., concurs.

DeBRULER, Justice, concurring and dissenting.

The offense of carrying a handgun without a license is created by I.C. 35–47–2–1 which provides:

> Except as provided in section 2 [35–47–2–2] of this chapter, a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter.

In *Day v. State* (1968), 251 Ind. 399, 241 N.E.2d 357, this court stated:

> When an offense is created by statute and another statute or another section of the same statute makes exceptions thereto, it is not necessary for the prosecution in the indictment or affidavit to negate the exception by stating that the defendant does not come within the same. That being true, then it is not incumbent upon the state to prove the exceptions if they need not be alleged in the charge ... it is the law in Indiana.

In *Moore v. State* (1977), 267 Ind. 270, 369 N.E.2d 628, there was proof by the State that Moore had no license at the time alleged in the charge. He contended that the State had failed to prove that he was not one of the persons in Section 4 of the 1935 Firearms Act, who are exempted. Those persons are now included in I.C. 35–47–2–2. This Court held, consistent with *Day*, that because the list of exempt persons was in another section of the statute, the State had no duty with respect to pleading and proving that the accused was not on that list. However *Moore*, consistent with the later case of *Thomas v. State* (1971), 256 Ind. 309, 268 N.E.2d 609, clearly support the proposition that the duty is on the prosecution under this statute to plead and prove to the satisfaction of the trier of fact to a moral certainty beyond a reasonable doubt that at the time of the behavior alleged in the charge, the accused had no license. *Washington v. State* (1987), Ind., 517 N.E.2d 77, and *Lewis v. State* (1985), Ind.App., 484 N.E.2d 77, relied on in the majority opinion, holding to the contrary,

are erroneous, and should be overruled. I would reverse the handgun conviction.

KRAHULIK, J., concurs.