**Albert W. ROBERTS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–9009–CR–613.

Supreme Court of Indiana.

Sept. 25, 1992.

David W. Hopper, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

In a bench trial, appellant was convicted of Count I, Murder and Count II, Criminal Confinement, a Class C Felony. Appellant was sentenced to sixty (60) years for Count I, ten years of which were suspended, and twenty (20) years for Count II, to be served concurrently with the term for Count I.

The facts are: On February 16, 1988, police officers were called to appellant's mother's house where appellant lived. They found the body of Elizabeth Cleary in appellant's bedroom. Detective Minor talked to appellant at police headquarters later that day. In appellant's statement to the police, he indicated that the victim had arrived at his mother's house at approximately 1:00 or 2:00 a.m. on Saturday, February 13. He stated that he suspected that the victim, whom he had been dating, had been dancing strip tease. Appellant stated he beat her, splitting her lip.

Appellant further stated that later in the morning he could tell that he had hit her in the head and face. He claimed that the victim slept all day Saturday. The victim was still in bed in appellant's room when he went to sleep at approximately 4:00 a.m. Sunday morning. Appellant noticed bruises developing on the victim's body Sunday evening.

Appellant stated that he and the victim went to sleep at approximately 4:00 or 5:00 a.m. Monday morning. Appellant awoke at 1:00 p.m. Monday afternoon at which time he stated he fed the victim and gave her half a glass of whiskey. After drinking the rest of the whiskey, he claims he blacked out. On Tuesday morning, appellant noticed that the victim was still and that her body temperature was cool. At that time, appellant called for an ambulance. The cause of death of Elizabeth Cleary was multiple blunt force injuries.

Appellant claims the trial court erred when it admitted appellant's videotaped statement to the police. Appellant moved to suppress all statements made to police both before and after he was given the *Miranda* warnings. The trial court granted the motion to suppress in part by ruling that all statements made prior to the *Miranda* advisement were inadmissible; however, subsequent statements made by appellant were admissible. Appellant contends that this was error because he was illegally arrested; therefore, all statements made by him as a result of this detention should have been suppressed.

■ In reviewing a trial court's ruling on a motion to suppress, we will not reweigh the evidence, but will look to the evidence most favorable to the ruling and any uncontradicted adverse evidence. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, *cert. denied*, 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662.

Detective Minor testified that while on duty he received a call to appellant's address on a report that a woman had been beaten. Officers who arrived there secured the crime scene and while that was being accomplished requested that appellant stay in the living room. Later, appellant, who was not handcuffed, was placed in the back seat of an unmarked vehicle and was transported to the police station. Appellant was left alone in an interrogation room for approximately 45 minutes. Officers periodically stopped in to check on appellant and to offer him coffee.

Appellant was interviewed by Detective Minor regarding the victim's identity and was questioned regarding what happened. Detective Minor testified that when it became apparent during the interview that appellant was a suspect Detective Minor stopped the interview, *Mirandized* appellant, and appellant signed a *Miranda* rights waiver form. Appellant then made an inculpatory statement to the police which was videotaped.

Appellant claims that he was illegally arrested at his mother's house, therefore, all statements made to the police after that should have been suppressed. He supports this argument by citing Detective Minor's testimony that appellant was not under arrest until he was *Mirandized,* and that probable cause to arrest appellant did not exist until that time. Appellant correctly cites *Armstrong v. State* (1982), Ind., 429 N.E.2d 647, for the proposition that an accused is under arrest when officers interrupt his freedom and restrict his liberty of movement. Appellant also correctly cites *J.E.G. v. C.J.E.* (1977), 172 Ind. App. 515, 360 N.E.2d 1030, for the proposition that the federal and state constitutional prohibition of unreasonable searches and seizures not only applies to searches and seizures of property, but also to physical apprehension of persons.

We have held that probable cause for an arrest may exist even though a police officer's subjective evaluation of a situation leads him to the conclusion that he did not possess enough information to establish probable cause at a particular time. *Taylor v. State* (1980), 273 Ind. 558, 406 N.E.2d 247. The evidence required to establish guilt is not necessary for probable cause for an arrest to exist. *Capps v. State* (1967), 248 Ind. 472, 229 N.E.2d 794. Probable cause to arrest without a warrant exists if the facts and circumstances known to the officer would warrant a man of reasonable caution to believe that the accused has committed the criminal act in question. *Gee v. State* (1984), Ind., 471 N.E.2d 1115.

The trial court, in ruling on the motion to suppress, found that the testimony showed that appellant believed he was in the custody of the police from the point he was transported to the police station. The record indicates that Detective Minor did possess enough information once he arrived at the crime scene to reasonably believe that appellant had caused the victim's death. Further, Detective Minor testified that after it became clear during the interview that appellant was a suspect appellant was *Mirandized.* There is no evidence in the record regarding any pre-*Miranda* questioning and none of the statements made during that time were offered by the State as evidence. Moreover, the trial court found that from the totality of the circumstances the videotaped statement was voluntarily made after appellant had been fully advised of his rights. We see no error in the trial court's ruling on the motion to suppress.

Appellant next argues that the trial court erred by refusing to grant his attorney's motion for a continuance and by denying her motion to withdraw from the case. Appellant claims he received ineffective assistance of counsel as a result of the trial court's decision to allow that attorney to remain in the case.

During the initial hearing, on February 18, 1988, the trial court appointed a public defender to represent appellant. On January 19, 1989, appellant made a *pro se* request for a change of public defender. However, before the court ruled on that request, appellant made an arrangement to obtain representation by private counsel, who entered her appearance on January 24, 1989. On June 23, 1989, appellant's private counsel filed a motion for leave to withdraw her appearance, and on June 28, 1989, appellant obtained representation by another privately retained attorney. On December 15, 1989, at the State's request, the trial court reappointed the public defender originally assigned to the case to assist private counsel in appellant's defense. The attorney appellant retained moved to withdraw from the case and moved for a continuance.

In order to support a claim of ineffective assistance of counsel, appellant must show that his trial counsel's representation fell below an objective standard of reasonableness. *Smith v. State* (1989), Ind., 547 N.E.2d 817. The prejudice resulting from the deficiency in representation must be such that the defendant was denied a fair trial. *Id.* A fair trial is denied when the adversarial process breaks down to the extent that the result is rendered unreliable. *Id.*

■ We have noted that we will not speculate regarding trial strategy and have held that neither inexperience nor bad tactics necessarily render the assistance of counsel ineffective. *Id.* However, we have held that Sixth Amendment requirements are not satisfied by perfunctory representation. *Id.*

■ Appellant argues that he was prejudiced by the decision to waive a trial by jury. However, he merely asserts that he chose to waive jury trial because he believed his counsel were not competent enough to convince a jury of twelve people of his innocence and that counsel would have had a better chance convincing one person, the trial judge.

The record reflects that appellant made no such argument at the hearing on his jury trial waiver. Appellant advanced this argument for the first time at his sentencing hearing. Appellant has not cited any deficient performance on the part of his trial counsel which caused him to waive a trial by jury. Additionally, the record reflects that appellant knowingly waived trial by jury. Because appellant has not shown how he was prejudiced by the conduct of his counsel we see no error in the trial court's denial of the motions for withdrawal and continuance.

■ Appellant further argues that his counsel's performance was deficient in that he relied on appellant's *pro se* motion to suppress instead of filing one that he had prepared. Appellant also claims that the argument presented on the motion was ineffective.

We fail to see how appellant was prejudiced by the level of performance of counsel regarding the motion to suppress. We note that appellant's counsel did succeed in convincing the trial court to grant the motion to suppress in part. Further, as discussed above, the trial court properly denied the motion to suppress the post-*Miranda* statement made by appellant. Appellant has failed to demonstrate how the performance of counsel was deficient in this regard.

■ Appellant argues that his counsel performed deficiently by failing to obtain a favorable ruling on the motion to suppress physical evidence seized at appellant's mother's house. Because the house was appellant's mother's house, appellant had standing to object only to the bedroom which he occupied there. *Johnson v. State* (1985), Ind., 472 N.E.2d 892. Police officers can properly enter a house without a search warrant where they reasonably believe that a person there is in need of immediate aid. *Thompson v. Louisiana* (1984), 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246, *reh'g den.* 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983. Further, where a defendant makes a call for medical assistance, warrantless entry by police officers is authorized and evidence found in plain view can be seized. *Id.*

■ In the instant case, appellant called for emergency medical assistance. Police officers were dispatched to the scene on a report of a beaten woman. The victim's body was found in appellant's bedroom, and a flashlight with bloodstains on it was lying in plain view on a stand in that room. Because both the entry and seizure of the items found there were lawful, denial of the motion to suppress was proper. Moreover, the pictures of the victim and the bedroom depict what the officers saw in plain view upon arriving at the scene of the crime. We fail to see how appellant was prejudiced by his counsel's efforts made during the argument on the motion.

■ Appellant also argues that he was denied effective assistance of counsel because counsel failed to obtain a favorable ruling on a motion to suppress photographs taken of appellant at the police station. Appellant alleges that the photographs were taken before he had been read his *Miranda* warnings. *Miranda* is not in point on this issue. *Miranda* refers only to statements taken from an accused when the accused is deprived of his freedom. Here it was entirely proper for officers to testify concerning appellant's appearance at the time of his arrest including the scratches on his hands. It also was entirely proper to admit photographs of appel-

lant's hands to support that testimony. *Leaver v. State* (1968), 250 Ind. 523, 237 N.E.2d 368, *cert. denied,* 393 U.S. 1059, 89 S.Ct. 702, 21 L.Ed.2d 701. The admission of photographs in evidence is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of that discretion. *Evans v. State* (1990), Ind., 563 N.E.2d 1251.

Appellant raises for the first time in his reply brief that he received ineffective assistance of counsel because they failed to move for a mistrial after it became apparent that there had been a violation of an order for separation of witnesses. We have held that questions not raised or discussed in appellant's original brief cannot be presented in appellant's reply brief. *State of Indiana, etc. v. Marion Circuit Court* (1958), 238 Ind. 637, 153 N.E.2d 327. However, since appellant did raise the issue of ineffective assistance of counsel in his original brief, although he did not raise this specific allegation of error, we will consider it here for the sake of argument.

While defense witness Dr. Griggs was on the stand, the State asked some preliminary questions. In response to one of those questions, the witness testified that he had discussed some of the findings in the autopsy report with State's witness Dr. Hawley, who had conducted the autopsy. The State objected to any further testimony from the defense witness, but the objection was overruled. Appellant argues that he was denied effective assistance of counsel because counsel failed to move for a mistrial.

We have held that in order to succeed on a claim of ineffective assistance of counsel for failure to object, it must be shown that had the objection been made it would have been sustained. *Hunter v. State* (1991), Ind., 578 N.E.2d 353. Using a similar standard here, we fail to see how appellant's motion for mistrial if tendered would have been granted. Appellant was not prejudiced by the continued testimony of his own witness. Moreover, the testimony of Dr. Griggs contradicted that of Dr. Hawley, thus benefitting appellant in his defense. From the facts presented on this issue, we do not believe that appellant was placed in a position of grave peril due to the violation of the separation order. Consideration of the instances of allegedly deficient performance leads us to the conclusion that appellant was not denied effective assistance of counsel.

Appellant argues the trial court erred by failing to dismiss Count II at the close of the State's case. Appellant argues there is insufficient evidence to support his conviction for criminal confinement.

We will not disturb a conviction if considering only the probative evidence and reasonable inferences supporting the verdict a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Taylor v. State* (1991), Ind., 578 N.E.2d 664. We will not reweigh the evidence, nor will we assess witness credibility. *Id.*

In the present case, there was evidence that the victim was beaten so badly she could not move. A flashlight with bloodstains on it was found in appellant's room. Medical testimony indicated that some of the wounds inflicted were consistent with having been inflicted by use of the flashlight as a weapon. In appellant's statement to the police, he indicated that he was going to keep the victim in his room until her appearance had improved; however, he continued to beat her over the course of a weekend. This evidence and the inferences which could be drawn therefrom support appellant's conviction for criminal confinement.

Appellant argues there is insufficient evidence to support his conviction for murder. He contends there is insufficient evidence that he knowingly or intentionally engaged in that conduct.

Appellant attempted to defend by arguing that he was too intoxicated during the relevant time period to have formed the intent to commit the murder. However, Dr. Davis, a witness for the defense, testified that the blackouts and alcohol problems appellant experienced affected his ability to recall events, but did not affect

his ability to form the intent to commit the crimes charged.

The record reflects that the victim was severely beaten over a period of several days, and the State presented testimony from appellant's neighbors and family regarding their perception of appellant's ability to comprehend and participate in conversations with them and their perception of appellant's sobriety. This testimony indicated that appellant was able to comprehend and participate in the conversations. This testimony conflicted with appellant's statement to the police that he was extremely intoxicated and had suffered from blackouts. However, the conflict in the testimony was for the trier of fact to resolve. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. An intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death. *Id.* Whether a weapon is considered deadly is for the trier of fact to determine. *Castro v. State* (1991), Ind., 580 N.E.2d 232.

Bloodstains found on the flashlight were consistent with the victim's blood and inconsistent with appellant's blood. Medical testimony indicated that there were several wounds which in and of themselves could have resulted in the victim's death, and that several of the wounds were consistent in size and shape with those which could have been inflicted by the use of the flashlight. We have held that the "knowingly" element of murder can be established by evidence that three separate fatal blows were inflicted upon the victim. *Light v. State* (1989), Ind., 547 N.E.2d 1073. There was sufficient evidence to support appellant's conviction for murder.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.