Timothy ELWOOD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–9511–CR–450.

Court of Appeals of Indiana.

Oct. 30, 1996.

Jeffrey G. Raff, Deputy Public Defender, Fort Wayne, for Appellant–Defendant.

Pamela Carter, Attorney General, and Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

After trial by jury defendant/appellant Timothy Elwood was convicted of voluntary manslaughter as a class A felony[1] and robbery as a class A felony.[2] The trial court entered judgment on the voluntary manslaughter conviction as a class A felony but entered judgment for robbery as a class B felony. Elwood now appeals raising four issues for our review which we consolidate and rephrase as follows: 1) Was the evidence sufficient to support the convictions? 2) Did Elwood's conviction and sentence violate the prohibition against double jeopardy? 3) Was Elwood entitled to discharge under Ind.Crim. Rule 4?

We affirm in part, vacate in part, and remand for re-sentencing.

The facts show that Elwood is a drug user who was supplied by drug dealer Jer-von Turner. In the evening hours of November 15, 1993, Elwood and his roommate Anthony Benton lured Turner to their residence for the purpose of obtaining drugs from him on credit. When Turner entered the house Benton stabbed him repeatedly with a knife. Elwood entered the fray and struck Turner several times on the head with a tire iron rendering Turner unconscious. Benton then took Turner's money and cocaine which the roommates divided between them. Turner ultimately died from the stab wounds. On November 29, 1993, Elwood was arrested and charged with voluntary manslaughter and robbery, both as class A felonies. After several delays trial began on June 27, 1995. Elwood was found guilty of both charges. However the trial court entered judgment for robbery as a Class B felony stating that Turner's death could not be used to fulfill both the serious bodily injury requirement for robbery and the killing element for voluntary manslaughter. This appeal ensued in due course.

## I.

■ Elwood first challenges the sufficiency of the evidence. Suggesting that his only offense was participating in a scheme enticing Turner to his house for the purpose of obtaining drugs on credit, Elwood implies that he did not know that his roommate planned to attack Turner and take drugs from him by force.

When reviewing a claim challenging the sufficiency of the evidence we neither reweigh evidence nor judge witness credibility. *Hopkins v. State,* 579 N.E.2d 1297, 1305 (Ind. 1991). We will affirm the conviction if the evidence most favorable to the verdict provides probative evidence from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Evans v. State,* 571 N.E.2d 1231, 1237 (Ind.1991).

■ The law is well settled that an accomplice is equally as guilty as a principal. *Joseph v. State,* 659 N.E.2d 676 (Ind.Ct.App. 1996), *trans. denied.* When two or more confederates engage in the commission of an unlawful act, each is criminally liable for the acts of the other in furtherance of their common objective. *Taylor v. State,* 578 N.E.2d 664, 666 (Ind.1991). In this case Turner died from the stab wounds inflicted by Elwood's roommate. However the record is clear that Elwood assisted in Turner's death by striking Turner with a tire iron which fractured his skull and rendered him unconscious. In like fashion although Elwood's roommate actually removed Turner's

---

1. Ind.Code § 35–42–1–3.

2. Ind.Code § 35–42–5–1.

money and drugs, Elwood facilitated the conduct by assisting in immobilizing the victim. Also, both Elwood and his roommate split the proceeds of their ill-gotten gains. The evidence is sufficient to sustain the convictions.

## II.

■ Elwood next complains that he was twice punished for the same offense when the trial court entered judgments of conviction for both voluntary manslaughter as a class A felony and robbery as a class B felony. In essence Elwood infers that the injuries which elevated the robbery to a class B felony were the same injuries used to sustain the voluntary manslaughter conviction. This is an argument which rests on article 1, section 14 of the Indiana Constitution and the Fifth Amendment of the United States Constitution. These provisions prohibit multiple punishment for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Thompson v. State,* 259 Ind. 587, 290 N.E.2d 724 (Ind.1972), *cert. denied* (1973), 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404.

In essence and in relevant part count II of the charging information alleged that Elwood and his confederate took property from Jer-von Turner, by using or threatening the use of force, while armed with a deadly weapon, and that they inflicted serious bodily injury on Turner, namely death. The robbery statute elevates the offense to a class A felony when the robbery "results in serious bodily injury to any person other than a defendant." Ind.Code § 35–42–5–1. The voluntary manslaughter conviction already punishes Elwood for the serious bodily injury to Turner. To elevate the robbery to a class A felony for the same bodily injury would punish Elwood twice for the same injuries. *See King v. State,* 517 N.E.2d 383 (Ind.1988) (prohibition against double jeopardy violated where defendant sentenced for murder and burglary as a class A felony based on same bodily injury). Here, acknowledging the foregoing point, the trial court correctly did not enter judgment for robbery as a class A felony. However, the trial court nonetheless erred by entering judgment for robbery as a class B felony.

■ Under provisions of the robbery statute a class B robbery requires proof of the use of a deadly weapon *or* the proof of bodily injury. As discussed above the prohibition against double jeopardy prevents Elwood from being sentenced for the single act of inflicting bodily injury. Accordingly he could only be sentenced on the use of a deadly weapon prong of class B felony robbery. However this would necessitate an instruction requiring the jury to find that Elwood took property from Turner while armed with a deadly weapon. The jury instruction concerning robbery provided in relevant part:

To convict the defendant the State must prove each of the following elements:

The defendant:

(1) knowingly or intentionally,

(2) took property from Jer-von Turner or from the presence of Jer-von Turner,

(3) by using or threatening the use of force upon Jer-von Turner, and

(4) the acts of the defendant resulted in serious bodily injury to Jer-von Turner. If the State fails to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the state does prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of robbery, a Class A felony.

*Record* at 62. Absent an instruction which included the deadly weapon element, the jury could not have convicted Elwood of robbery as a class B felony, at least not based on that prong of robbery requiring use of a deadly weapon. Elwood's sentence for robbery as a class B felony therefore must fail. A defendant cannot be sentenced for a crime for which he has not been convicted. *Evans v. State,* 571 N.E.2d 1231 (Ind.1991); *Also see Kingery v. State,* 659 N.E.2d 490 (Ind.1995), *reh'g denied,* (Defendant convicted of class A felony robbery which the trial court reduced to class B felony. On review the supreme court vacated the sentence and remanded for re-sentencing because the jury never received an instruction directing it to find the elements of class B robbery).

Even though Elwood's sentence for class B robbery must fail, Elwood still can be held accountable for the robbery which he clearly committed. Because a class C robbery is inherently included as a lesser offense of class A robbery, once the jury found Elwood guilty of the elevated offense, it necessarily found him guilty of the included offense. *Kingery*, 659 N.E.2d at 495. Accordingly we vacate Elwood's sentence for robbery as a class B felony and remand this case to the trial court with instructions to re-sentence Elwood for robbery as a class C felony.[3]

### III.

Elwood finally contends he was denied his right to a speedy trial because he was not brought to trial until well over a year after he was charged. Elwood argues the trial court erred in failing to grant his motion for discharge under Ind.Crim.Rule 4(C) which provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order which shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Elwood was arrested on November 29, 1993, and absent circumstances extending the time period, the outside date for his trial was November 30, 1994. Trial was originally scheduled for June 27, 1994, well within the one year time period. However on June 24, 1994 Elwood requested and was granted a continuance. The trial court continued the trial until October 18, 1994. Thus the one year period originally due to expire November 30, 1994 was extended to March 23, 1995. Five days before trial Elwood's co-defendant moved for severance. The record shows that "by agreement [Elwood's] case is to be set for trial separate from Anthony Benton." *Record* at 7. On the date set for trial, October 18, 1994, the trial court reset Elwood's case for trial on March 6, 1995. Thereafter on March 6, 1995 the trial court continued the trial until June 27, 1995 due to a congested court calendar.

In arguing that he is entitled to discharge Elwood contends that the delay caused by the severance should not be charged to him. According to Elwood it was the co-defendant and not he who requested the severance. Elwood cites no authority for this proposition and our own research reveals none. Rather, a defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance. *Ferguson v. State*, 594 N.E.2d 790 (Ind.1992). Even assuming for the sake of argument that the delay caused by the severance is not attributable to Elwood, he nonetheless is not entitled to discharge. From the time the

---

**3.** Elwood alleges an additional jeopardy violation complaining that his conviction for robbery as a class A felony merged into the voluntary manslaughter conviction. His argument is premised on the notion that the acts giving rise to both offenses arose from the same transaction. First, we doubt the merit of Elwood's claim. Double jeopardy analysis focuses on whether offenses are the same and not whether offenses arose from the same act or operative circumstances. *Smith v. State*, 477 N.E.2d 857 (Ind.1985); *Short v. State*, 564 N.E.2d 553 (Ind.Ct.App.1991). As our supreme court observed "[t]here is no jeopardy violation where two offenses share an identical element and there is substantial overlap in the proof....[ A defendant may] select[ ] the same means to accomplish his different criminal purposes, and in so doing [may violate] more than one criminal statute. He may be convicted and sentenced for each." *Wethington v. State*, 560 N.E.2d 496, 508 (Ind.1990) quoting *Flowers v. State*, 481 N.E.2d 100, 106 (Ind.1985). In any event because we remand for re-sentencing, we need not further address this issue.

trial was originally scheduled to begin until the first continued trial date a total of 113 days elapsed, all of which is attributable to Elwood. *See Henderson v. State,* 647 N.E.2d 7, 13 (Ind.Ct.App.1995), *trans. denied,* (the delay attributable to a defendant runs from the time the motion for continuance is filed through the new trial date). As a result the trial court had until March 23, 1995 to bring Elwood to trial. Regardless of the severance, on March 6, 1995, more than two weeks before the outside time period expired, the trial was continued due to a congested calendar. Clearly the trial court possessed the authority to continue the trial on that basis, *see* Crim.R. 4(C), and Elwood does not challenge the trial court's determination. The trial court did not err in denying Elwood's motion for discharge.

In conclusion we vacate Elwood's sentence for robbery as a class B felony and remand this case to the trial court with instructions to re-sentence Elwood for robbery as a class C felony. In all other respects the judgment is affirmed.

Affirmed in part, vacated in part and remanded.

SHARPNACK, C.J., and NAJAM, J., concur.