## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2018, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James D. Crum
Coots Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Torri Newman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 24, 2018

Court of Appeals Case No.
29A02-1706-CR-1327

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1312-FA-10347

**Barnes, Judge.**

# Case Summary

[1] Torri Elliott Newman appeals his conviction for Class A felony dealing in cocaine. We affirm.

# Issues

[2] Newman raises three issues, which we restate as:

    I.    whether the trial court erred by denying Newman's motion to dismiss;

    II.    whether the police had probable cause to arrest Newman; and

    III.    whether the trial court abused its discretion by admitting evidence of cocaine found in Newman's apartment.

# Facts

[3] In 2013, Detective Darin Troyer with the Hamilton-Boone County Drug Task Force began working with a confidential informant ("CI") to arrange a controlled buy of drugs from Joe Bobish. On December 11, 2013, the CI made arrangements with Bobish to purchase cocaine at Bobish's residence in Fishers the next day. Bobish indicated that he had a source that could deliver the cocaine to his residence. The next day, Bobish told the CI, "I got it," and they set a time to meet. Tr. Vol. III p. 149. The CI went to Bobish's residence while wearing a transmitter and recorder. Bobish was on the phone and walking around his house for most of the time that the CI was at his house.

[4]     After a few minutes, a vehicle stopped in front of Bobish's house. Bobish went outside and briefly talked to the driver, Newman. Bobish went back inside, gave cocaine to the CI, and took money from the CI. Bobish then took the money, went back outside to Newman's vehicle, where he sat in the passenger seat for a minute or two, and returned to the house. The officers did not witness Bobish obtaining cocaine from Newman or delivering money to Newman. Detective Troyer ordered officers to follow Newman's vehicle away from the residence and stop it. Without observing a traffic violation, the officers stopped Newman, immediately placed him in handcuffs, and arrested him. His vehicle was later searched and contraband was found. Newman subsequently gave consent to search his Marion County apartment where officers discovered additional contraband, including cocaine.

[5]     In Marion County, the State charged Newman with Class A felony dealing cocaine, Class B felony unlawful possession of a firearm by a serious violent felony, Class C felony possession of cocaine, Class D felony possession of a controlled substance, and Class D felony possession of marijuana. In December 2016, Newman was tried in Marion County on the charges related to the items found in his residence. He was found guilty of Class C felony possession of cocaine, Class D felony possession of a controlled substance, and Class D felony possession of marijuana, but he was found not guilty of dealing cocaine and the firearm charge was dismissed prior to trial. This court recently affirmed his Marion County convictions. *Newman v. State*, No. 49A02-1702-CR-290 (Ind. Ct. App. Sept. 8, 2017), *trans. not sought*.

[6]     In Hamilton County, the instant case, the State charged Newman with Class A felony dealing in cocaine, two counts of Class C felony possession of cocaine, and Class D felony possession of cocaine. Newman filed a motion to suppress, arguing that "probable cause was not established prior to his vehicle being stopped as a result of the drug investigation, nor did reasonable suspicion exist that he had committed a traffic violation." Appellant's App. Vol. II p. 75. After a hearing, the trial court ordered:

> [S]uch Motion to Suppress is DENIED in part in that the arrest of the Defendant was based upon Probable Cause and that such arrest was proper. Court further finds that the Motion to Suppress is GRANTED in part in that a warrant was required for the search of the vehicle under the facts presented and the State failed to provide an exception to the warrant requirement. Therefore, the items seized from the vehicle should be and are hereby suppressed.

*Id.* at 101. As a result of the suppression of evidence, the State dismissed the Class C felony and Class D felony charges.

[7]     Newman filed a motion in limine regarding several proposed pieces of evidence, including the evidence found during the search of his home in Indianapolis, which was the basis for the Marion County charges. The trial court found that the cocaine discovered in Newman's residence was admissible because it was "relevant to Defendant's intent." *Id.* at 143. Newman was tried to a jury in March 2016, but the jury was unable to reach a verdict. The trial court declared a mistrial and rescheduled the matter for another jury trial.

[8]     Newman filed a second motion to suppress regarding his arrest and the search of his house, which the trial court also denied. Newman also filed a motion to dismiss the charge, arguing that prosecution was barred pursuant to Indiana Code Section 35-41-4-3 because the State was attempting to use the same facts presented in the Marion County case "to establish the essential elements of the Hamilton County dealing charge." Appellant's App. Vol. III p. 85.

[9]     Newman was tried for a second time in April 2017. During the trial, Newman renewed his motion to suppress regarding the stop and arrest, and the trial court "affirm[ed]" the prior rulings. Tr. Vol. III p. 172. Newman argued that "the totality of circumstances did not rise to the level of probable cause but only suspicion and such immediate arrest was improper and should be suppressed." Appellant's App. Vol. IV p. 5. Newman also objected to the admission of the cocaine found in his apartment, and the trial court overruled the objection. The jury found Newman guilty of Class A felony dealing in cocaine. The trial court then denied Newman's motion to dismiss, finding that "proceeding with the case in Hamilton County, the State did not violate the Double Jeopardy clause as found in Article 1, Section 14 of the Indiana Constitution." *Id.* at 135. The trial court sentenced Newman to serve thirty years in the Department of Correction consecutive to his sentence for the Marion County convictions. Newman now appeals.

# Analysis

## *I.  Motion to Dismiss*

[10]  The first issue is whether the trial court properly denied Newman's motion to dismiss.  We review the denial of a motion to dismiss for an abuse of discretion. *Tiplick v. State*, 43 N.E.3d 1259, 1262 (Ind. 2015).  An abuse of discretion occurs when the trial court's decision is against the logic and effect of the circumstances before it.  *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012).

[11]  Newman argues that both his Hamilton County and Marion County convictions "resulted from the same set of circumstances, and the same investigation."  Appellant's Br. p. 10.  He contends that the trial court should have granted his motion to dismiss under the actual evidence test articulated in *Richardson v. State*, 771 N.E.2d 32 (Ind. 1999).

[12]  In *Richardson*, our supreme court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense.  *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013).  "Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts."  *Id.*  To find a double jeopardy violation under this test, we must conclude that there is a

reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* The actual evidence test is applied to all the elements of both offenses. *Id.* "'In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense.'" *Id.* (quoting *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002)).

[13] The convictions in Marion County related to drugs, including cocaine, that were found in Newman's apartment, while the Hamilton County conviction was for dealing in cocaine. The evidentiary facts necessary to establish the essential elements of possession of cocaine in the Marion County conviction are not the same as the evidentiary facts necessary to establish the essential elements of dealing in cocaine in the Hamilton County conviction. The Hamilton County conviction was based on Newman's participation in the sale of cocaine to the CI during the controlled buy. The Marion County conviction was based on the fact that cocaine was found in Newman's apartment. Although the cocaine found in the Marion County apartment was admitted at the Hamilton County trial and evidence of his Hamilton County arrest was admitted during the Marion County trial, the cocaine found in the apartment was not necessary to establish the essential elements of the Hamilton County dealing conviction. Consequently, there was no double jeopardy violation, and the trial court did not abuse its discretion by denying the motion to dismiss.

## II. Probable Cause to Arrest

The next issue is whether there was probable cause to arrest Newman. Because his motion to suppress was denied, he renewed his objection at trial, and the trial was completed, the issue is "best framed" as whether the trial court's admission of evidence was an abuse of discretion. *See Clark v. State*, 994 N.E.2d 252, 259 (Ind. 2013). We reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id.* at 260.

The Fourth Amendment guarantees that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon *probable cause*, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV (emphasis added). "The Fourth Amendment's prohibition on unreasonable searches and seizures applies not only to searches and seizures of property, but also to physical apprehension of persons, such as arrests." *Thomas v. State*, 81 N.E.3d 621, 625 (Ind. 2017) (citing *Roberts v. State*, 599 N.E.2d 595, 598 (Ind. 1992)). In general, police must have a warrant to make an arrest. *Id.* (citing *Herring v. United States*, 555 U.S. 135, 136, 129 S. Ct. 695 (2009)). An officer may, however, arrest a suspect without a warrant if he observes the suspect committing a crime, or if the officer has probable cause to

believe that the suspect has committed a felony. *Id.* (citing *Sears v. State*, 668 N.E.2d 662, 666-67 (Ind. 1996)).

[16] "Probable cause to arrest arises when, at the time of the arrest, the arresting officer has knowledge of facts and circumstances, which would warrant a person of reasonable caution to believe that the defendant committed the criminal act in question." *Id.* at 626 (citing *Sears*, 668 N.E.2d at 667). The amount of evidence necessary to satisfy the probable cause requirement for a warrantless arrest is evaluated on a case-by-case basis. *Id.* (citing *Peterson v. State*, 674 N.E.2d 528, 536 (Ind. 1996), *cert. denied*). Rather than requiring a precise mathematical computation, probable cause is grounded in notions of common sense. *Id.* (citing *Ogle v. State*, 698 N.E.2d 1146, 1148 (Ind. 1998)). "A police officer's subjective belief as to whether he has probable cause to arrest a defendant has no legal effect. Instead, the police officer's actual knowledge of objective facts and circumstances is determinative." *State v. Parrott*, 69 N.E.3d 535, 543 (Ind. Ct. App. 2017), *trans. denied*. "The ultimate determination of probable cause is reviewed de novo." *Id.*

[17] Newman argues that the officers did not have probable cause to arrest him. According to Newman, "at best," there was "reasonable suspicion to effect a stop and further investigate." Appellant's Br. p. 16. The State argues that the officers had probable cause to believe that Newman had been involved in a drug transaction.

[18] We addressed this same argument in Newman's appeal of his Marion County convictions. We held:

> [T]he evidence shows that, the day before the controlled buy, Bobish had told the CI over the telephone that he "had a local source [who] could deliver the cocaine for him." Tr. Vol. 2 at 9. When the CI went to Bobish's house to purchase cocaine, the CI and Bobish were inside his home for a short time and discussed marijuana, but the cocaine transaction did not occur until after Bobish met with Newman, who was parked outside Bobish's residence. When Bobish went back inside after talking to Newman, Detective Troyer "could hear the cocaine transaction occurring between [the CI] and Mr. Bobish." *Id.* at 11. Bobish then went back outside, "went back to [Newman's] vehicle[,] and met with Mr. Newman again for a short period of time." *Id.* at 12. Bobish then returned to his house, and Newman drove off. Detective Troyer testified that, in his experience, the facts and circumstances indicated that Newman had delivered cocaine to Bobish to sell to the CI.
>
> We hold that the evidence shows that the officers had probable cause to initiate the traffic stop and arrest Newman for dealing in cocaine. Accordingly, Newman has not shown that his arrest violated the Fourth Amendment to the United States Constitution.

*Newman*, No. 49A02-1702-CR-290, slip op. at 6.

[19] We agree with the analysis in the appeal of Newman's Marion County conviction. At the time of Newman's arrest, the officers had knowledge of facts and circumstances that would warrant a person of reasonable caution to believe Newman committed dealing in cocaine. The trial court did not abuse its discretion by admitting evidence of the arrest.

### III. *Admission of Cocaine*

[20] Newman also argues that the trial court abused its discretion by admitting the cocaine found in his Marion County apartment. "The trial court has discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *Lewis v. State*, 34 N.E.3d 240, 247 (Ind. 2015). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). "'A claim of error in the exclusion or admission of evidence will not prevail on appeal unless the error affects the substantial rights of the moving party.'" *Id.* (quoting *McCarthy v. State*, 749 N.E.2d 528, 536 (Ind. 2001)).

[21] Newman argues that the admission of evidence of cocaine found in his Marion County apartment violated Indiana Evidence Rule 404(b). "Generally, evidence that is relevant—that is, evidence that has probative value as to an issue of fact in a case—is also admissible." *Stettler v. State*, 70 N.E.3d 874, 879 (Ind. Ct. App. 2017) (citing Ind. Evid. R. 401 & 402), *trans. denied*. Indiana Evidence Rule 403 provides that where the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence, otherwise relevant evidence may be excluded. *Id.* Indiana Evidence Rule 404(b) further limits the admissibility of otherwise relevant evidence, and provides:

(1)     Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)     Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A)     provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B)     do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

[22]     "'The well established rationale behind Evidence Rule 404(b) is that the jury is precluded from making the 'forbidden inference' that the defendant had a criminal propensity and therefore engaged in the charged conduct.'" *Stettler*, 70 N.E.3d at 879 (quoting *Thompson v. State*, 690 N.E.2d 224, 233 (Ind. 1997)).

When the defendant objects on the ground that the admission of particular evidence would violate Rule 404(b), the following test should be applied: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403.

*Id.* (quoting *Thompson*, 690 N.E.2d at 233). "If the 'sole apparent purpose' of evidence of a prior wrongful act is 'to show the defendant acted in conformity with that character,' the evidence is inadmissible." *Id.* (quoting *Pierce v. State*, 29 N.E.3d 1258, 1269 (Ind. 2015)). Such evidence may be admissible for "other purposes" if it survives Rule 403 balancing. *Id.*

[23] The trial court here ruled that the cocaine was admissible to show Newman's "intent." Newman argues that his intent was not at issue, and the State argues that "intent was at issue here because the State was required to prove that Newman knowingly delivered cocaine to Bobish." Appellee's Br. p. 17. Although the State's argument here misses the mark, we conclude that Newman's intent was at issue, and the trial court properly admitted the cocaine.

[24] The fact that the State was required to prove intent does not open the door to Rule 404(b) evidence, as the State argues. Rather, "[i]n *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993), the Indiana Supreme Court held that the intent exception in Evidence Rule 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." *Baker v. State*, 997 N.E.2d 67, 72 (Ind. Ct. App. 2013). "Stated another way, 'the defendant must first place intent 'at issue' before prior bad act evidence relevant to intent is admissible.'" *Id.* (quoting *Johnson v. State*, 722 N.E.2d 382, 384 (Ind. Ct. App. 2000). Newman argued at trial that he was in the "[w]rong place, wrong time." Tr. Vol. III p. 34; Tr. Vol. IV p. 111. Newman was thereby claiming that he was not at Bobish's residence to deal cocaine, and he placed his intent at issue. We further

conclude that the probative value of the admission of the cocaine outweighed its prejudicial value. The trial court did not abuse its discretion by admitting the cocaine. *See, e.g., Prewitt v. State*, 761 N.E.2d 862, 870 (Ind. Ct. App. 2002) (holding that the trial court did not abuse its discretion by admitting evidence of a prior drug transaction because it showed the defendant's intent).

## Conclusion

[25] The trial court did not abuse its discretion by denying Newman's motion to dismiss, admitting evidence found as a result of Newman's arrest, or admitting evidence of the cocaine found at his residence. We affirm.

[26] Affirmed.

Najam, J., and Mathias, J., concur.